NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES H. FISHER, | ) | No. C 13-4657 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| | ) | |
| v. | ) | |
| | ) | (Docket Nos. 5, 6) |
| CDCR DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his criminal sentence imposed in 1983. On November 21, 2013, the court dismissed this action because petitioner had not paid the filing fee nor filed a completed application for leave to proceed in forma pauperis.

On December 9, 2013, and February 3, 2014, petitioner filed two motions, which the court construes as motions to reconsider. Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

1    In the motions, petitioner claims that he submitted a request for withdrawal of fees to the
2  prison trust office, but the prison trust office "refuses" to take the filing fee out of his account.
3  Petitioner does not submit any evidence, such as a copy of his request for trust withdrawal, in
4  support of his assertion.  Moreover, petitioner's accusations are fraught with unsupported
5  accusations that the prison is deliberately obstructing petitioner's attempt to litigate.
6  Accordingly, petitioner has not demonstrated a valid basis for reconsideration.  Petitioner's
7  motions for reconsideration are DENIED.

8    Petitioner is not prohibited from filing a new petition when he can obtain the filing fee, or
9  file a completed application for leave to proceed in forma pauperis.  Should petitioner choose to
10 file a new habeas petition, petitioner is advised that it appears that the claims presented in his
11 underlying petition should not be filed in the Northern District of California, but should instead
12 be filed in the Central District of California.  *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.
13 1989) (stating that petitions challenging the execution of a sentence are preferably heard in the
14 district of confinement).

15   **IT IS SO ORDERED.**
16 DATED:   3/21/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order Denying Motions for Reconsideration
P:\PRO-SE\LHK\HC.13\Fisher657recon.wpd                2